UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURY CHESTARO,

    Plaintiff,

v.                                                                  Hon. Jane M. Beckering

CIA, et al.,                                           Case No. 1:24-cv-337

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Michigan, initiated this action on April 2, 2024, against Defendants CIA (presumably the Central Intelligence Agency) and Edward Norton.[1] (ECF No. 1.) Having granted Plaintiff's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having conducted this initial review, I recommend that Plaintiff's complaint be dismissed because: (1) the Court lacks subject matter jurisdiction; and (2) the complaint fails to state a claim upon which relief can be granted.

Plaintiff's allegations are somewhat difficult to decipher, but I will attempt to construe them. First, Plaintiff asks the Court, through the CIA and Norton, for a payment. It appears that the alleged payment was for $500 million and had something to do with a prior court proceeding. Next, Plaintiff requests that paternity be established for Plaintiff's son. Plaintiff made a similar

---

[1] Plaintiff does not identify Edward Norton or explain his connection to this case. I note, however, the existence of one famous individual named Edward Norton who is an actor, director, and producer of films, as well as an environmental activist and social entrepreneur. *See* https://en.wikipedia.org/wiki/Edward_Norton. There is no indication in the complaint that this is the individual Plaintiff intends to sue.

paternity request in a previous case in this Court against a local attorney, *Chestaro v. Dunn*, No. 20-cv-146, ECF No. 5 (W.D. Mich. Feb. 20, 2020), which was dismissed for lack of subject matter jurisdiction and/or failure to state a claim. Next, Plaintiff alleges something about supervision of radio frequencies and requests to be disconnected from a microchip implanted somewhere within Plaintiff's body. Finally, Plaintiff requests compensation of $75 million and $30 million for Plaintiff's son. (ECF No. 1 at PageID.1–2.)

First, the complaint is subject to dismissal for lack of subject matter jurisdiction. Plaintiff cites no federal statute providing a basis for federal question jurisdiction under 28 U.S.C. § 1331. In addition, because Plaintiff fails to include any information about Norton, she fails to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Moreover, assuming that Plaintiff actually sues the Central Intelligence Agency, she fails to allege statutory waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity, which is jurisdictional in nature, deprives a court of subject matter jurisdiction absent a waiver). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (internal quotation marks omitted). Finally, even if Plaintiff had properly alleged diversity jurisdiction, the Court lacks subject matter jurisdiction over Plaintiff's request to determine paternity under the so-called "domestic relations exception" to diversity jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also In re Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) (the domestic relations exception to diversity jurisdiction deprives a federal court of jurisdiction to adjudicate a claim when "a plaintiff positively sues in federal court for divorce, alimony, or child custody"); *Purnell v. City of Akron*,

925 F.2d 941, 952 (6th Cir. 1991) (domestic relations exception applied where paternity was being litigated in state court); *Ball v. Obama*, No. 1:13-cv-204, 2013 WL 2153967, at \*5 (S.D. Ohio May 16, 2013) (applying domestic relations exception to request to determine paternity).

The complaint also fails to state a claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Even giving due regard to Plaintiff's pro se status, the complaint falls far short of the *Twombly/Iqbal* pleading standard, as it alleges no fact that connects either Defendant to a legally cognizable cause of action.

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction or, alternatively for failure to state a claim. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: April 4, 2024  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).